## THOMPSON a. STRYKER.

*City Court of Brooklyn, April,* 1858.

### DOUBLE COSTS.

Under the Code, a defendant, sued for acts done by him as a public officer, and succeeding in his defence, is not entitled to double costs

Motion for readjustment of costs.

The defendant, who was a sheriff of the county of Kings, was sued in this action for acts done by him in his official capacity.

He succeeded in his defence, and recovered judgment against the plaintiff for costs, in adjusting which the clerk allowed double costs, as under the Revised Statutes.

The plaintiff now moved for a readjustment.

*Waring & Sidell*, for the motion.

*Dikeman & Pray*, opposed.

CULVER, J.—The main question presented on this motion is, whether under the Code a defendant sued for acts done by him as a public officer, and succeeding in his defence, is entitled to double costs. By the Revised Statutes (2 *Rev. Stats.*, 4th ed., 820) such a defendant was entitled to double costs. Has the Code suspended the provisions of the Revised Statutes ?

The decisions are conflicting. The Supreme Court, at special and at general terms, has both granted and denied such costs. Justice Parker in the third, Willard and Cady in the fourth, the general term in the eighth district, together with the Common Pleas, New York, have held that the Code had superseded the Revised Statutes. (See 4 *How. Pr. R.*, 239 ; 3 *Code R.*, 224 ; 1 *Ib.*, 224 ; 1 *Code R.*, N. S., 401, 131, 234 ; 9 *How. Pr. R.*, 375 ; 5 *Ib.*, 253 ; 6 *Ib.*, 242.)

On the other hand, Justice Sill of the eighth, Welles of the seventh, Mason of the sixth, Hand of the fourth, Dean of the second, together with a majority of the general term in the fourth district, have held the contrary doctrine. (See 4 *How. Pr. R.*, 263, 283 ; 6 *Ib.*, 45 ; 9 *Ib.*, 465 ; 7 *Ib.*, 55 ; 8 *Ib.*, 526.)

I am not aware that this question has been distinctly presented to this court since I have been connected with it, or that it had been passed upon by my predecessor.

I feel warranted, therefore, in examining the question irrespective of the conflicting decisions, and putting my own construction upon the provisions of the Code.

Section 303 repeals·*all* statutes establishing or regulating the costs or fees of attorneys, counsellors, and solicitors in civil actions. Had the codifiers stopped here, there might well have existed a doubt whether any thing was affected by that provision, except costs and fees of attorneys ; but the section contains another provision applicable to every prevailing party ; it is in

these words: " But there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, *which allowances are in this act termed costs.*"

Allowed to the prevailing party, whether that party be sheriff, constable, magistrate, or a private individual. Is there any exception? Is it restricted to the prevailing party, in case such party be a private individual, or in case such party be not a public officer? No such exception or distinction is contained in the Code, and I concur fully with justices Parker and Willard, " that it was clearly the intent of the Legislature to repeal the whole title of the Revised Statutes establishing and regulating costs and fees." The section allowing double costs was a part of that title.

The Legislature intended, beyond question, to provide a new measure of indemnity to every *prevailing* party; that indemnity is called " costs." The Code, and that alone, assumes to prescribe and regulate those costs; the Court of Appeals (3 *Seld.,* 465) say, "The Code of procedure has established rules regulating costs, which supersede all former rules (statutes) upon the subject." That court, like the Code itself, makes no exception as to suits against public officers.

The authorities holding a contrary doctrine all admit that the provisions of the Revised Statutes giving double costs can only be considered as yet in force by or through the silence of the Code. But with such full, sweeping, and comprehensive language as is contained in the section of the Code referred to, is it safe to infer an exception from its mere silence? Apply this to the case of pleading in favor of public officers under the former statute, entitled " An act for more easy pleading in certain suits." A defendant, sued for acts done as a public officer, was allowed to plead the general issue, and under that plea to give the special matter in evidence with the like effect as if it had been specially pleaded or given notice of. This act was for the special benefit of public officers.

Now when the Code swept away the old system of *pleading,* and substituted a new one in its place, it made no exceptions in favor of " easy pleading" by public officers; and because it made no such exception, the courts have never hesitated to treat the former system of " easy pleading" as superseded by the Code.

In other words, the courts infer nothing from the silence of the Code as to that specific form of pleading, but allow the broad language of its provisions full force and effect. It is conceded, we have no system of " easy pleading" in favor of public officers under the Code, and that, too, mainly for the reason that they needed no such exception, the Code itself being supposed to be a system of easy pleading, and adapted to the comprehension of a man of ordinary understanding. This provision of the old law for the more " easy pleading" was originally in the same section with that allowing double costs to public officers, and I cannot entertain a reasonable doubt that the broad language of the Code, both as to costs and pleadings, was intended to change the law as to both.

Costs were not allowed at common law, and all statutes by which they are granted must be construed strictly; they are in the nature of a penalty. It would be strange, indeed, if single costs were abolished, and double costs suffered to remain. Single costs are the unit by which the increased allowance is computed. The destruction of the unit involves the destruction of its multiplier and parts. (6 *How. Pr. R.*, 172–174.)

• The twenty-five dollars allowed by the clerk as double costs must be stricken from the bill.

The cause having been reached on the January calendar, and postponed to a later day, if not at the request, yet on the consent of the counsel for the defendant Stryker, he is not entitled to the ten dollars for that term. Section 307 of the Code, subdivision 8, is peremptory on this point, and its provisions cannot be evaded. Ten dollars term fee must be taken from the bill.

With these corrections, let the bill of costs stand adjusted at $43.16. No costs on this motion to either party as against the other.